```
Rob A. Justman (024436)
Logan Reasonover (036572)
MEAGHER + GEER, P.L.L.P.
16767 North Perimeter Drive
Suite 210
Scottsdale, Arizona 85260
480-607-9719
rjustman@meagher.com
lreasonover@meagher.com
```
*Attorneys for Plaintiff,*
*RLI Insurance Company*

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| RLI Insurance Company,<br><br>        Plaintiff,<br><br>vs.<br><br>Elijah Joplin; Victory Fundraising, Inc.; Town of Oro Valley,<br><br>        Defendants. | Case No. _____<br><br>**COMPLAINT FOR INTERPLEADER** |

The Plaintiff, RLI Insurance Company ("RLI"), files this Complaint for Interpleader against Defendants Elijah Joplin ("Joplin"), Victory Fundraising Inc. ("Victory Fundraising"), and the Town of Oro Valley, Arizona ("Oro Valley"). The Plaintiff alleges as follows:

## INTRODUCTION

1. This is an action for interpleader. RLI respectfully requests the Court allow RLI to deposit insurance funds, resolve competing claims to those insurance funds, and receive a discharge from further indemnity obligations.

2. RLI issued a Businessowners Policy, policy number PMB0001027, to Victory Fundraising for the period of April 29, 2022 to April 29, 2023 ("the RLI Policy").

3. The RLI Policy's limit of liability is $2,000,000.

4. Joplin suffered injuries on June 9, 2022 during a flag football game organized

by Victory Fundraising and held at a park owned and operated by Oro Valley.

5. Joplin alleges catastrophic and permanent injury, including but not limited to facial fractures and permanent, untreatable loss of vision in his right eye. Joplin further alleges that his damages exceed the $2 million policy limits of the RLI Policy.

6. Oro Valley has demanded that Victory Fundraising and its insurer (RLI) defend and indemnify Oro Valley against the Joplin claim both as a contractual indemnitee and as an additional insured under the RLI Policy.

7. Joplin has made a settlement demand on RLI for the $2,000,000 policy limits to settle his claims against Victory Fundraising alone. The settlement would leave Victory Fundraising without coverage for the contractual indemnity claim asserted against it by Oro Valley. The settlement would likewise leave Oro Valley – a putative additional insured without any coverage under the RLI policy for its demand for additional insured coverage.

8. RLI is faced with multiple claims against its policyholder, Victory Fundraising, by Joplin and Oro Valley.

9. RLI is further faced with two entities, Victory Fundraising and Oro Valley, claiming insured status under its policy for the claims made against them by Joplin.

10. Therefore, in accordance with *McReynolds v. American Commerce Insurance Co.*, 225 Ariz. 125, 235 P.3d 278 (App. 2010), RLI respectfully requests leave of this Court to deposit the $2 million policy limits, resolve the competing claims by Joplin, Oro Valley, and Victory Fundraising to the insurance funds, and discharge RLI from any further indemnity obligations.

**PARTIES AND JURISDICTION**

11. RLI Insurance Company is an Illinois corporation, with its principal place of business in Peoria, Illinois.

12. Victory Fundraising, Inc. is an Arizona corporation with its principal place of business in Oro Valley, Arizona.

13. Elijah Joplin is an Arizona citizen who, upon information and belief, resides in Pima County, Arizona.

2

14. Oro Valley is a township located in Pima County, Arizona.

15. RLI brings this interpleader action as a "Rule Interpleader Action" (as opposed to a "Statutory Interpleader Action") under Federal Rule of Civil Procedure 22, and 28 U.S.C. § 1332(a)(1).

16. This Rule Interpleader Action is appropriate under Rule 22, Federal Rules of Civil Procedure, since Joplin and Oro Valley have competing claims that may expose RLI to double or multiple liability.

17. The competing claims make it unclear how to properly manage the policy limit of $2 million.

18. RLI cannot settle the competing claims against Victory Fundraising and Oro Valley without exposing itself to allegations of failure to properly manage the policy limit of $2 million.

19. This Court has original jurisdiction over the Rule Interpleader Action under 28 U.S.C. § 1332(a)(1). Original jurisdiction is founded on diversity of citizenship. The interpleader action is between a stakeholder insurance company, RLI, on the one hand, with diverse citizenship from the parties with the competing claims: Victory Fundraising, Joplin, and Oro Valley.

20. RLI is a citizen of Illinois, while Victory Fundraising, Joplin, and Oro Valley are all citizens (or townships) of Arizona. The citizenship of RLI, on the one hand, is diverse from the citizenship of Victory Fundraising, Joplin, and Oro Valley, on the other hand. This action is between "citizens of different States." 28 U.S.C. § 1332(a)(1).

21. The amount in controversy exceeds $75,000 (exclusive of interests and costs).

22. Joplin has made a settlement demand against Victory Fundraising alone for $2 million.

23. Oro Valley has made claims against Victory Fundraising and RLI for contractual indemnity and additional insured coverage for Joplin's claims.

24. Joplin's settlement proposal would not release Oro Valley, a putative additional insured under the RLI policy, and would not resolve the contractual indemnity claim against

3

Victory Fundraising by Oro Valley.

25. The amount in controversy – $2 million – exceeds the jurisdictional minimum of $75,000.

26. Venue is proper in this District under 28 U.S.C. § 1391(b)(1-2). All defendants are residents of Arizona. A substantial part of the events giving rise to the claim also occurred in Arizona.

## GENERAL ALLEGATIONS

27. Victory Fundraising is a fundraising consultant with high schools and other organizations. Victory Fundraising manages and runs various fundraisers, with particular emphasis on providing fundraisers for sports teams, coaches, and athletes.

28. Victory Fundraising planned and organized the "Victory Fundraising Inaugural Passing and Big Man Tournament", advertised as a football "7v7 Passing and Big Man Tournament" taking place at Naranja Park in Oro Valley ("the Event").

29. The Event was scheduled to take place on June 8-9, 2022.

30. Naranja Park is owned and operated by the Town of Oro Valley.

31. Victory Fundraising reached an agreement with Oro Valley to lease the fields at Naranja Park for the Event ("the Lease Agreement").

32. The Lease Agreement included a contractual indemnity provision by Victory Fundraising in favor of Oro Valley: "I [Victory Fundraising] hereby agree to the terms indicated above and release, hold harmless, and indemnify the Town of Oro Valley, its officers, employees, and agents, from any losses, claims, actions, suits, or damages which arise, result, or might otherwise be attributable to the patron's use of the facilities including, but not limited to, personal injury or property damages except when such damages are determined to be caused by the Town's own negligence. Any damages awarded are limited to those which are proportioned to the amount of the Town's negligence. The amount and type of insurance coverage requirements set forth herein will in no way be construed as limiting the scope of indemnity in this paragraph."

33. The Lease Agreement further required: "Organizations shall maintain a

certificate of insurance naming the Town of Oro Valley as additionally insured in amounts acceptable to the Town." The Lease Agreement set minimum limits of $1 million per occurrence, $1 million general aggregate.

### Businessowners Policy

34. RLI issued a Businessowners Policy, policy number PMB0001027, to Victory Fundraising for the period of April 29, 2022 to April 29, 2023 ("the RLI Policy").

35. The RLI Policy's limits of liability are $2 million per occurrence.

36. The RLI Policy's insuring agreement generally provides coverage for "all sums the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."

37. The RLI Policy extends "insured contract" coverage for contractual indemnity obligations.

38. The Businessowners Policy contains a "blanket" additional insured endorsement:

> **BLANKET ADDITIONAL INSURED ENDORSEMENT**
>
> BUSINESSOWNERS COVERAGE FORM – SECTION II – LIABILITY
>
> **1. C. Who Is An Insured** is amended to include as an additional insured any person or organization that you agree in a contract or agreement requiring insurance to include as an additional insured on this policy, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused in whole or in part by you or those acting on your behalf:
>
> **a.** In the performance of your ongoing operations;
>
> **b.** In connection with premises owned by or rented to you; ***

39. Victory Fundraising is the named insured under the RLI Policy.

40. Oro Valley is a putative additional insured under the RLI Policy.

41. The RLI Policy's limits of insurance provide, "The limits of Insurance of **Section II – Liability** shown in the Declarations and the rules below fix the most we will pay regardless of the number of: a. Insureds; b. Claims made or 'suits' brought; or c. Persons or

5

organizations making claims or bringing 'suits'".

Underlying Claim

42. On June 8-9, 2022, Victory Fundraising hosted the Event.

43. Over 30 Southern Arizona high school football teams participated in the Event.

44. Each participant in the Event was required to sign the "Player Medical Waiver Form."

45. Elijah Joplin was a participant in the Event.

46. The Event included a 7v7 football tournament, wherein participants played flag football. The flag football games did not include typical football pads and/or helmets.

47. While participating in the Event, Joplin collided with a cast concrete light tower which was located outside the marked field of play.

48. Joplin alleges significant injury, including but not limited to facial fractures and permanent, untreatable loss of vision in his right eye.

49. On or about December 2, 2022, Joplin prepared a draft Complaint against Victory Fundraising.

50. Joplin has made a settlement demand on RLI for the $2 million policy limits to settle his claims against Victory Fundraising alone. The settlement demand does not include Oro Valley.

51. Oro Valley has demanded that Victory Fundraising and its insurer (RLI) defend and indemnify Oro Valley against the Joplin claim both as a contractual indemnitee and as an additional insured.

Tenders

52. Victory Fundraising tendered its defense and indemnity against the Underlying Claim to RLI.

53. Oro Valley tendered its defense and indemnity against the Underlying Claim to Victory Fundraising and RLI.

Competing Claims

54. As shown above, the limit of liability under the RLI Policy is $2 million.

55. Joplin has issued a settlement demand of $2 million to release Victory Fundraising alone, but alleges damages in excess of $2 million should the case fail to settle.

56. Were RLI to accept the settlement demand by Joplin, RLI would be leaving its putative additional insured – Oro Valley – without any indemnity coverage for the Underlying Claim under the RLI Policy.

57. By accepting the settlement demand, RLI would further expose its named insured, Victory Fundraising, to contractual indemnity claims from Oro Valley without any coverage under the RLI Policy.

58. The potential liability of RLI's named insured and putative additional insured under the RLI Policy exceeds the policy limits of $2 million.

59. RLI Is faced with multiple claimants: (1) Joplin against Victory Fundraising; and (2) Joplin against Oro Valley; and (3) Oro Valley against Victory Fundraising.

60. RLI is further faced with multiple claims for indemnity coverage by both Victory Fundraising and Oro Valley.

61. RLI cannot settle only <u>some of the claims</u> against <u>some of its insureds</u> without extinguishing the indemnity coverage for <u>all of the claims</u> for <u>all of its insureds</u>.

62. RLI therefore brings this interpleader action to resolve the dispute, and receive a discharge from further indemnity obligations arising from the Underlying Claim.

## **CLAIM FOR RELIEF:**
## **INTERPLEADER**

63. RLI incorporates by reference all previous allegations as though fully set forth in this Claim for Relief.

64. Given the competing claims, and the competing claims to indemnity coverage against RLI under the RLI Policy arising from the accident on June 9, 2022, it is unclear how to properly manage the policy limit of $2,000,000.

65. The multiple claims, and the multiple claims for indemnity coverage against RLI, already state an amount in excess of RLI's limit of $2,000,000.

66. RLI cannot settle Joplin's claim against Victory Fundraising without exposing

7

itself to allegations of the failure to properly manage the policy limit of $2,000,000.

67. RLI has no claim or interest in the policy limit of $2,000,000.

68. RLI stands willing and ready to deposit the $2,000,000 with the Court.

69. RLI should be permitted to deposit the $2,000,000 into the Court under the authority of *McReynolds v. American Commerce Insurance Co.*, 225 Ariz. 125, 235 P.3d 278 (App. 2010).

70. Pursuant to *McReynolds*, RLI is entitled to receive a discharge from any indemnity obligations to Victory Fundraising or Oro Valley in connection with the Underlying Claim, and the claims arising from the Underlying Claim, upon deposit of the $2,000,000 into the Court.

71. RLI will continue to provide defense against any suit arising out of the Underlying Claim, as directed by *McReynolds*.

## PRAYER FOR RELIEF

WHEREFORE, RLI Insurance Company respectfully prays that the Court grant the following relief:

A. Permit RLI Insurance Company to deposit the insurance funds of $2,000,000 into the Court.

B. Discharge RLI Insurance Company from any indemnity obligations to Victory Fundraising and Oro Valley for the claims made by Elijah Joplin against them arising out of the Underlying Claim on June 9, 2022.

C. Discharge RLI Insurance Company from any indemnity obligations to Victory Fundraising for the claims made by Oro Valley against it arising out of the Underlying Claim on June 9, 2022.

D. Dismiss RLI Insurance Company from this interpleader action, and allow the competing Claimants to litigate the proper allocation of the insurance funds.

E. Grant RLI Insurance Company such other and further relief as the Court deems just and proper.

1 | RESPECTFULLY SUBMITTED this 28th day of April, 2023.

MEAGHER + GEER, P.L.L.P.

By: /s/ Rob Justman
Rob A. Justman
Logan Reasonover
16767 North Perimeter Drive
Suite 210
Scottsdale, Arizona 85260
(480) 607-9719
*Attorneys for RLI Insurance Company*

# CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2023, I electronically transmitted the attached documents to the court clerk's office using the CM/ECF system for filing and thereby transmitted a notice of electronic filing to the following CM/ECF registrants:

Clerk of Court
United States District Court
District of Arizona – Phoenix
401 W. Washington Street, Suite 130
Phoenix, Arizona  85007

By:   /s/ Holly Andrews